UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALVIN W. BEARD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-cv-1067-SEB-VSS |
| ) | |
| JOHN R. VANATTA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Alvin W. Beard for a writ of habeas corpus must be denied.

## Background

Beard was convicted in an Indiana state court in 1996 of attempted robbery. His sentence was affirmed on appeal in *Beard v. State,* No. 38A04-9608-CR-330 (Ind.Ct.App. December 12, 1996). On April 29, 2004, Beard filed a motion for jail time credit, which was denied the same day. This denial was affirmed on appeal in *Beard v. State,* No. 48A02-405-PC-430 (Ind.Ct.App. December 22, 2004). The present action was then filed with the clerk on July 20, 2005.

The State of Indiana opposes Beard's habeas petition by arguing that his petition was not timely filed. Beard has replied.

## Discussion

Because Beard's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Subject to exceptions not applicable here, under 28 U.S.C. § 2244(d)(1)(A) the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Beard's conviction became final on April 29, 1997, because that was the last day on which he could have sought a writ of certiorari from the United States Supreme Court. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Therefore, Petitioner had until April 30, 1998, within which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2); Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002). Petitioner's habeas petition was filed with the clerk on July 20, 2005, and was signed by him on July 15, 2005. Even assuming the petition to have been "filed" on the date it was signed, *see Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999), this filing was more than six (6) years after the statute of limitations had expired on April 30, 1998 (one year after April 29, 1997).

Beard responds by asserting that his habeas claim relates to the denial of certain jail time credit, which was not a claim resolved in the Indiana state courts until December 22, 2004, making the present action timely. This position is not persuasive for both factual and legal reasons. First, the habeas petition presents three claims, only one of which relates to the denial or computation of credit time for Beard's incarceration prior to sentencing. The other two claims relate to the charges he faced and to the performance of his attorney. Second, Beard knew from the point of his sentencing forward that he had received 569 days of jail time credit, rather than the 752 days, which he claims would have been the proper amount. This claim was known to him and available to be presented. He did not do so until April 29, 2004, which was six years after the habeas statute of limitations had expired on April 30, 1998. Although it is true that the running of the statute of limitations is tolled pursuant to 28 U.S.C. § 2244(d)(2) during any time his post-conviction petition was pending in the Indiana courts, *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court), Beard waited too long to present his challenge to the Indiana state courts to preserve the claim for federal habeas purposes. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). Also, as the respondent correctly notes, the motion for jail time credit Beard filed on April 30, 2004, was not a properly filed action for post-conviction relief under Indiana law, *Robinson v. State*, 805 N.E.2d 783, 788 (Ind. 2004). For this reason as well, therefore, the tolling provision of § 2244(d)(2) is inapplicable in this case.

Beard's petition was not timely filed. Accordingly, his petition must be denied and this action dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/30/2005

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana